IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRUCE VAN ALSTYNE, | § § | |
| *Plaintiff*, | § § | |
| versus | § § | CIVIL ACTION NO. H-08-3175 |
| GC SERVICES, LP | § § | |
| *Defendant.* | § § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

You have heard the evidence in this case. I will now instruct you on the law that you must apply.

It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence, unless instructed otherwise. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law or for my rulings and instructions to you regarding the evidence, you should disregard anything I may have said during the trial in arriving at your verdict.

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given. You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter of evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, state of mind, demeanor and manner while on the stand. Consider the witness' ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to the

other side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that

reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## SPECIFIC INSTRUCTIONS

Plaintiff Bruce Van Alstyne brings this suit against Defendant GC Services, LP in connection with a debt he owed to Sallie Mae. Sallie Mae hired Defendant GC Services to collect Plaintiff's debt. Plaintiff alleges that Defendant, in taking actions to collect this debt, violated the Fair Debt Collection Practices Act. The Court provides specific instructions for each of these claims as follows.

## Fair Debt Collection Practices Act

Plaintiff Bruce Van Alstyne claims that Defendant GC Services, LP violated four sections of the Fair Debt Collections Practices Act, which is a statute that prohibits certain activities in connection with the collection of debts.

Plaintiff and Defendant agree that Plaintiff is a "consumer" and that Defendant is a "debt collector" under the Fair Debt Collection Practices Act.

First, Plaintiff claims that Defendant violated Section 1692c(c) of the Fair Debt Collection Practices Act because Defendant communicated with Plaintiff after having received a letter from Plaintiff requesting Defendant to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt. Under Section 1692c(c), if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to the debt, except (1) to advise the consumer that the debt collector's further efforts are being terminated, (2) to notify the consumer that the debt collector or creditor may invoke specific remedies which are ordinarily invoked by the debt collector or creditor, or (3) to notify the consumer that the debt collector or creditor

5

intends to invoke a specified remedy. If the consumer sends this notification by mail, the notification is considered complete upon the debt collector's receipt of the mail.

Plaintiff also claims that Defendant violated Section 1692c(a) because Defendant communicated with Plaintiff directly after learning that Plaintiff is being represented by counsel. Under Section 1692c(a), a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows that the consumer is represented by an attorney with respect to the debt, and has knowledge, or can readily ascertain, the attorney's name and address.

Second, Plaintiff claims that Defendant violated Section 1692d because Defendant engaged in conduct in connection with the collection of the debt, the natural consequence of which was to harass, oppress, or abuse Plaintiff. Under Section 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. The following conduct is a non-exhaustive example of a violation of Section 1692d: causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff. A consumer's susceptibility to be harassed, oppressed or abused might be affected by circumstances of the consumer or by the relationship between the consumer and the debt collection agency. Claims under Section 1692d should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse.

Third, Plaintiff claims that Defendant violated Section 1692g because Defendant threatened to garnish Plaintiff immediately within the initial thirty day dispute period. Under Section 1692g, if the consumer notifies the debt collector in writing, within thirty days after

receipt of the notice of the debt, that the debt or any portion thereof is disputed, the debt collector shall cease collection of the debt until the debt collector obtains verification of the debt or a copy of a judgment, and a copy of such verification or judgment is mailed to the consumer by the debt collector. Any collection activities and communication during this thirty day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

Fourth, Plaintiff claims that Defendant violated Section 1692e because Defendant used false, deceptive, or misleading representations in connection with the collection of a debt. Plaintiff alleges that Defendant violated Section 1692e by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening to garnish Plaintiff immediately within the initial thirty day dispute period. Under Section 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. The following conduct is a non-exhaustive example of a violation of Section 1692e: The threat to take any action that cannot legally be taken or that is not intended to be taken.

In considering whether Defendant violated the Federal Debt Collection Practices Act, you must evaluate Plaintiff under the "least sophisticated consumer" standard. In doing so, you must assume that Plaintiff is neither shrewd nor experienced in dealing with creditors. At the same time, you do not need to consider Plaintiff to be on the "very last rung on the intelligence or sophistication ladder."

A debt collector may not be held liable for violating the Federal Debt Collection Practices Act if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures

reasonably adapted to avoid such error.

## DAMAGES

### Statutory Damages

If you find that Plaintiff has proved, by a preponderance of the evidence, that Defendant violated the Fair Debt Collection Practices Act, the Defendant is liable for statutory damages and you may award Plaintiff statutory damages up to $1,000. In determining statutory damages, you may consider the frequency and persistence of noncompliance by Defendant, the nature of such noncompliance, and the extent to which such noncompliance was intentional. Statutory damages are capped out at $1,000, regardless of the number of violations.

### Consider Damages

You should not interpret the fact that I have given you instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

## THE VERDICT

### Duty to Deliberate

It is your duty as jurors to consult with one another, and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are the judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

### Instructions on Deliberation

When you retire to the jury room you may take this charge with you as well as exhibits which the Court has admitted into evidence. You should first select one of your members to act as your Foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will be asked to return your verdict in this case in the form of answers to a series of questions. Notice that the questions are numbered, and certain questions on the verdict form need be answered only if you give a particular answer to some earlier question.

In answering the questions on the verdict form, you are again instructed that you are to make your findings in accordance with the preponderance of evidence in this case, and the law as given to you in these instructions. Of course, you are to consider all of my instructions as a whole and not single out any particular instruction.

After you have reached your unanimous verdict, your Foreperson is to fill in the verdict form with your answers to the questions concerning the fact issues in this case, date the form, sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that the Court has given you regarding your conduct during the trial.

If, during your deliberations, you should want to communicate with me at any time, please give a written message or question to the Marshal, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question. After the verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. The lawyers may wish to talk to you after the case is over. You are free to do so or not, as you wish.

**SIGNED** this the _____ day of January, 2010, at Houston, Texas.

_____
**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**